## LOPINSON *v.* PENNSYLVANIA.

No. 1133.   Decided June 17, 1968.*

*Lester J. Schaffer* for petitioner in No. 1133, and *Howard M. Nazor* and *Gordon L. Nazor* for petitioner in No. 1700, Misc.

*Michael J. Rotko* and *Arlen Specter* for respondent in No. 1133; *Mr. Rotko, William H. Wolf, Jr.,* and *Mr.*

---

*Together with No. 1095, Misc., *Coyle* v. *Pennsylvania;* and No. 1700, Misc., *Pruett* v. *Ohio,* both on petitions for writs of certiorari. No. 1095, Misc., is to the Supreme Court of Pennsylvania, and No. 1700, Misc., to the Supreme Court of Ohio.

*Specter* for respondent in No. 1095, Misc.; and *Joseph E. Mahoney* for respondent in No. 1700, Misc.

PER CURIAM.

The motions for leave to proceed *in forma pauperis* in No. 1095, Misc., and No. 1700, Misc., are granted and the petitions for writs of certiorari in all three cases are granted. Without reaching the petitioners' other claims, the judgments are vacated and the cases remanded for reconsideration in the light of *Witherspoon* v. *Illinois,* 391 U. S. 510.

MR. JUSTICE HARLAN dissents for the reasons stated in MR. JUSTICE BLACK's dissenting opinion in *Witherspoon* v. *Illinois,* 391 U. S. 510, 532.

MR. JUSTICE WHITE dissents for the reasons stated in his dissenting opinion in *Witherspoon* v. *Illinois,* 391 U. S. 510, 540.

MR. JUSTICE BLACK, dissenting.

In all three of these cases the Court remands to the state courts on one single constitutional claim of petitioners *without reaching other constitutional claims raised by them.* The result is that after the state courts rule on the single remand issue this Court will undoubtedly be called on to pass on the other issues which the Court refuses to decide. At the very least this means postponement of a final decision in these cases a year or two years or three years, unless, that is, this Court should, on the second review, choose once more to decide the cases piecemeal. Piecemeal dispositions of criminal cases inevitably cause delays and hamper enforcement of the criminal laws and there is a lot of truth in the old adage that delay is a defendant's best lawyer. See *Witherspoon* v. *Illinois,* 391 U. S. 510, where a murder sentence was reversed nine years after the murder. It

is true that under *Fay* v. *Noia,* 372 U. S. 391, a certain amount of delay is inevitable in criminal cases, but that is not true in these cases where the issues are squarely presented to us here and now.