531 A.2d 1101

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Kenneth Ned INGBER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1986.

Decided Oct. 6, 1987.

4

[redacted]

John R. Crayton, Bensalem, for appellant.

Christopher Serpico, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

The principal issue in the instant appeal is whether the trial court erred in refusing a defense challenge for cause to a venireperson who had acknowledged that she was related to a police officer and would give a police officer's testimony greater weight merely because of his official status. If we determine that this refusal was error, we must then decide whether, in view of the fact that the defendant had exhausted his allotted peremptory challenges prior to the seating of the jury, a new trial must be awarded.

### I.

Appellant Kenneth Ned Ingber was arrested on March 25, 1983, in connection with an attack on his common law wife, Mary Ingber, two days earlier. He was charged with attempted homicide and two counts each of simple and aggravated assault, as well as reckless endangerment and terroristic threats. After a preliminary hearing before a district justice, appellant was held for court on all charges. The principal evidence presented by the Commonwealth at

that hearing was a tape-recording and transcript of a statement given to the police by the victim of the attack. Appellant subsequently filed a petition for writ of habeas corpus in the Court of Common Pleas of Bucks County challenging the sufficiency of the evidence adduced by the Commonwealth at his preliminary hearing. That court entered an order on June 6, 1983, directing that a hearing be held on the petition on June 9, 1983. The record does not reflect that such a hearing was conducted. An order discharging the writ of habeas corpus was entered by the court of common pleas on June 22, 1983.

■ Appellant was tried before a jury from June 27 to 29, 1983. At the conclusion of the Commonwealth's case, appellant demurred as to all charges except simple assault. The trial court dismissed all charges except reckless endangerment and one count of simple assault. The jury subsequently convicted appellant of those remaining charges. Appellant's post-verdict motions were denied on January 10, 1984, and he was sentenced to six to twenty-three months' incarceration on February 3, 1984.[1] On direct appeal a Superior Court panel affirmed, filing a memorandum opinion. *Commonwealth v. Ingber*, 343 Pa.Super. 610, 494 A.2d 480 (1985). This Court granted appellant's petition for allowance of appeal.

## II.

Appellant argues that two veniremen exhibited bias, one toward him and the other in favor of police officers, and that his challenges for cause to those prospective jurors were improperly denied. As a result of the trial court's refusal to exclude those two veniremen, appellant was

1. Appellant erroneously filed a notice of appeal to the Superior Court from the January 10, 1984, order denying post-verdict motions on January 19, 1984. We note that the proper procedure is to appeal after sentence has been imposed. *Commonwealth v. Cavanaugh*, 500 Pa. 313, 456 A.2d 145 (1983); *Commonwealth v. Myers*, 457 Pa. 317, 322 A.2d 131 (1974).

forced to use two of his seven peremptory challenges.[2] Having exhausted all of his peremptory challenges prior to the completion of jury selection, appellant maintains that he was denied his constitutional right to be tried by an impartial jury. Appellant therefore contends that he is entitled to a new trial.

■ A criminal defendant's right to an impartial jury is explicitly guaranteed by Article I, section 9 of the Pennsylvania Constitution, Pa. Const. Art. I, § 9. The jury selection process is crucial to the preservation of that right. The relevant principles governing the examination of veniremen to assess their impartiality are set forth in this Court's decision in *Commonwealth v. Drew*, 500 Pa. 585, 459 A.2d 318 (1983):

> It must be remembered the purpose of the voir dire examination is to provide an opportunity to counsel to assess the qualifications of prospective jurors to serve. *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973); *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552 (1967), *vacated and remanded* 392 U.S. 647, 88 S.Ct. 2277, 20 L.Ed.2d 1344, appeal after remand, 449 Pa. 3, 296 A.2d 524, *cert. denied*, 411 U.S. 986, 93 S.Ct. 2269, 36 L.Ed.2d 963 (1973); *Commonwealth v. McGrew*, 375 Pa. 518, 100 A.2d 467 (1953). It is therefore appropriate to use such an examination to disclose fixed opinions or to expose other reasons for disqualification. *Commonwealth v. Johnson, supra; Commonwealth v. Swanson*, 432 Pa. 293, 248 A.2d 12 (1968), *cert. denied* 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 483 (1969); *Commonwealth v. Lopinson, supra; Commonwealth v. McGrew, supra.* Thus the inquiry must be directed at ascertaining whether the venireperson is competent and capable of rendering a fair, impartial and unbiased verdict. *Commonwealth v. Johnson, supra; Commonwealth v. Lopinson, supra; Commonwealth v. McGrew, supra.* The law also recog-

---

2. The prosecution and defense are each allotted seven peremptory challenges in a case involving a non-capital felony. Pa.R.Crim.P. 1126(a)(2).

nizes that prospective jurors were not cultivated in hermetically sealed environments free of all beliefs, conceptions and views. The question relevant to a determination of qualification is whether any biases or prejudices can be put aside upon the proper instruction of the court. *Commonwealth v. England,* 474 Pa. 1, 375 A.2d 1292 (1977); *Commonwealth v. Johnson, supra.*
*Id.,* 500 Pa. at 588, 459 A.2d at 320.

 A challenge for cause to service by a prospective juror should be sustained and that juror excused where that juror demonstrates through his conduct and answers a likelihood of prejudice. *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985). The decision whether to disqualify a venireman is within the discretion of the trial court and will not be disturbed on appeal absent a palpable abuse of that discretion. *Commonwealth v. Colson, supra; Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth ex rel. Fletcher v. Cavell,* 395 Pa. 134, 149 A.2d 434 (1959); *Commonwealth v. Pasco,* 332 Pa. 439, 2 A.2d 736 (1938); *Commonwealth v. Gelfi,* 282 Pa. 434, 128 A. 77 (1925).

The record lodged in this Court in the instant case reflects that the following exchange occurred during a collective examination of the prospective jurors:

MR. CRAYTON [Defense Counsel]: Is there anyone who would give greater weight to the testimony of a police officer merely because the witness was in fact a police officer?

MS. PASTOR: I would.

MR. CRAYTON: What is your name?

MS. PASTOR: Madylynne Pastor.

THE COURT: Number 14.

MR. CRAYTON: Are you related to a police officer?

MS. PASTOR: Yes. It's also my feeling.

MR. CRAYTON: Your Honor, I would respectfully ask Ms. Pastor be excused for cause.

THE COURT: Challenge is denied. RR 59(a).

The juror challenged clearly expressed her predisposition to credit the testimony of a police officer over that of a civilian witness. There is no indication in the record that this juror was questioned as to whether she would be able to put aside her feelings and evaluate the evidence in accordance with the court's instructions.[3] Such an inquiry was clearly necessary in order to determine this juror's qualification to serve. The Commonwealth's case rested in part on the testimony of the police officer who took the victim's statement and another officer who had investigated an incident at the Ingbers' home on the day before the attack which led to the instant criminal charges. On this record therefore, we must conclude that the trial court's failure to sustain a challenge for cause was error.[4]

3. The court *en banc* in its opinion in this matter states with respect to Ms. Pastor: "That same juror testified that she would be able to decide this case solely[,] strictly and entirely based upon the evidence presented in the court room and the law as submitted by the court without any outside bias or prejudice." *Commonwealth v. Ingber*, No. 1581 of 1983 (C.C.P. Bucks Co. Jan. 10, 1984) slip op. at 11. The Commonwealth in its brief makes an identical assertion. Brief for Appellee at 13. We have examined the original record as well as the reproduced records filed in the Superior Court and this Court and have found no such testimony. The trial court approved the transcript, which includes only excerpts from the *voir dire*, for filing. Our rules explicitly provide that "untranscribed notes or recordings shall not be part of the record on appeal for any purpose." Pa.R.A.P. 1922(b)(3). Moreover, the Commonwealth has not sought to amplify the record in support of its assertion. *See* Pa.R.A.P. 1926; Pa.R. Crim.P. 9030(c). We will not base our decision on facts not contained in the record. *Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976). *See also Commonwealth v. Quinlan*, 488 Pa. 255, 412 A.2d 494 (1980) (document dehors record but appended to Commonwealth's brief rejected as evidence); *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974) (certification in trial court opinion that jury instruction not in record was given excluded from consideration).

4. Compounding the trial error committed in the instant case, a second challenge for cause was also improperly denied. The transcript reveals the following questioning during jury selection:

THE COURT: Is there anything about those charges that would in any way make it impossible for any of you to render a fair and impartial verdict based upon the evidence presented in this courtroom?

(Juror raises hand.)

THE COURT: Number 7.

Mr. MALFARA: I don't like any terrorists or—

Having concluded that the denial of the challenge for cause was error, we must now determine whether it is necessary to award a new trial. It is well-established that the improper refusal of a challenge for cause is harmless error where the juror is excluded by a peremptory challenge and the defendant does not exhaust his peremptory challenges. *Commonwealth v. Moore,* 462 Pa. 231, 340 A.2d 447 (1975); *Commonwealth v. Moon,* 389 Pa. 304, 132 A.2d 224 (1975); *Commonwealth v. McGrew,* 375 Pa. 518, 100 A.2d 467 (1953); *Commonwealth v. Bibalo,* 375 Pa. 257, 100 A.2d 45 (1953). A plurality of this Court has held that "[it logically follows from *Moore* [, *supra* ] that it is error to force a defendant to use his peremptory challenges on a person who should have been excused for cause and that defendant exhausts those peremptory challenges prior to [the] seating of the jury." *Commonwealth v. Jones,* 477 Pa. 164, 167, 383 A.2d 874 (1978), *citing United States v. Nell,* 526 F.2d 1223 (5th Cir.1976). The plurality in *Jones*

THE COURT: Nobody said he is a terrorist. The charge is terroristic threats; that is the crime.
MR. MALFARA: That's what I said. I might be biased against.
THE COURT: What are you against?
MR. MALFARA: I don't know.
THE COURT: You are against the name?
MR. MALFARA: Yes.
THE COURT: All right. Let me tell you simply stated that the crime of terroristic threats is a crime which arises when someone threatens someone else. That is the crime.
Now, is there anything about that crime that you would find it to be impossible to be a fair and impartial juror?
MR. MALFARA: I think I would.
THE COURT: You think you would what?
MR. MALFARA: I would be biased against.
THE COURT: Because the name of the charge is terroristic threats?
MR. MALFARA: Yes.
THE COURT: Thank you.
MR. CRAYTON: Your Honor, I would ask that that juror—
THE COURT: No; it is refused.
RR 57a–58a.
While the examination of this juror was more comprehensive than that of Ms. Pastor, the trial court was unable to elicit any indication that this prospective juror could put aside his stated prejudice. The juror's difficulty, while unreasonable, should not have been so lightly dismissed.

concluded that a challenge for cause was improperly denied and remanded the cause for a new trial. All of the six Justices participating agreed with that result.[5] *Jones* has been applied by the Superior Court in at least three decisions. *See Commonwealth v. Johnson,* 299 Pa.Super. 172, 445 A.2d 509 (1982); *Commonwealth v. Stamm,* 286 Pa.Super. 409, 429 A.2d 4 (1981); *Commonwealth v. McBee,* 267 Pa.Super. 49, 405 A.2d 1297 (1979).

 While *Jones* appears to have been a case of first impression in this Court on the issue presently under consideration, the necessity of the award of a new trial in the instant circumstances is a matter of settled federal constitutional law. As the Supreme Court of the United States explained in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965):

> Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges," *Stilson v. United States,* 250 U.S. 583, 586 [40 S.Ct. 28, 30, 63 L.Ed. 1154 (1919)], nonetheless the challenge is "one of the most important of the rights secured to the accused," *Pointer v. United States,* 151 U.S. 396, 408 [14 S.Ct. 410, 414, 38 L.Ed. 208 (1894)]. *The denial or impairment of the right is reversible error without a showing of prejudice, Lewis v. United States,* [146 U.S. 370, 13 S.Ct. 136, 36 L.Ed.2d 1011 (1892)]; *Harrison v. United States,* 163 U.S. 140 [16 S.Ct. 961, 41 L.Ed. 104 (1896)]; cf. *Gulf, Colorado & Santa Fe R. Co. v. Shane,* 157 U.S. 348 [15 S.Ct. 641, 39 L.Ed. 727 (1895)]. "For it is, as Blackstone says, an arbitrary and capricious right; and it must be

---

**5.** The issue in *Jones* was whether a police officer should have been disqualified from jury service in a trial in which members of his police force were witnesses. The plurality applied a "real relationship" test in reaching its conclusion. The late Justice Manderino, in a concurring opinion joined by then Justice Roberts, urged the adoption of a *per se* rule requiring disqualification whenever a proposed juror is a police officer on active duty with a police force which will have officers testifying in the case. Then-Chief Justice Eagen concurred in the result.

exercised with full freedom, or it fails of its full purpose."
*Lewis v. United States, supra,* [146 U.S.] at 378 [13 S.Ct.
at 139].

*Id.* at 219, 85 S.Ct. at 835 (emphasis added).[6]

Wrongful deprivation of one or more of the number of peremptory challenges provided for by statute or rule of court is clearly an impairment of the defendant's exercise of his right to peremptory challenges. *See Harrison v. United States,* 163 U.S. 140, 16 S.Ct. 961, 41 L.Ed. 104 (1896). The trial court's rulings on the challenges for cause discussed above, which had the effect of denying appellant of two of his seven peremptories, was therefore reversible error.[7]

Accordingly, the Order of the Superior Court is reversed, the Judgment of Sentence is vacated, and the matter is remanded to the trial court for a new trial.

PAPADAKOS, J., files a dissenting opinion in which LARSEN, J., joins.

PAPADAKOS, Justice, dissenting.

I concur fully in the rationale adopted by the Majority to dispose of the substantive issues presented in the case. However, I must object to the acceptance of this case by

6. In *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Court rejected the portion of the *Swain* decision concerning the evidentiary burden placed on a defendant who claims he has been denied equal protection through the state's discriminatory use of peremptory challenges to exclude members of his race from the jury. The above-quoted principles articulated in *Swain* were affected by the *Batson* decision only to the extent that once a defendant establishes a *prima facie* case of purposeful racial discrimination by the *prosecution* in the use of peremptory challenges, the prosecution must come forward with a neutral explanation for its actions relating to the case being tried.

7. In view of our disposition of this matter, we do not reach appellant's complaint with respect to the use of tape-recorded testimony at his preliminary hearing. We emphasize, however, that preliminary hearings are to be conducted in compliance with our Rules of Criminal Procedure and deviations therefrom will not be condoned.

our Court and by the Superior Court since no appeal has ever been filed from the imposition of sentence.

In this case, the Appellant filed a notice of appeal to Superior Court on January 19, 1984, *fifteen days before he was sentenced* on February 3, 1984. He has not appealed from the judgment of sentence within thirty (30) days thereafter, as required by our Rules of Appellate Procedure at 903(a), nor has he ever sought to correct his error with a petition for leave to file his appeal nunc pro tunc.

How often must we tell the world that the courts lack jurisdiction to hear appeals that have not been timely filed and that no appeal is timely filed unless filed within thirty days *after* the entry of the order from which the appeal is taken. "A defendant may appeal *only* from a final judgment of sentence." *Commonwealth v. Cavanaugh,* 500 Pa. 313, 456 A.2d 145 (1983), unanimous opinion authored by Mr. Justice Zappala (*Commonwealth v. Myers,* 457 Pa. 317, 322 A.2d 131 (1974) cited therein.)

I fear the paternalistic approach taken by the majority in footnote 1, Maj. opinion, page 1102, to forgive the filing of a timely appeal from the judgment of sentence will mislead the bar and the public into thinking that our rules shall be selectively applied and that we will overlook these errors and assume jurisdiction where none exists.

In the *Myers* case, *supra,* Mr. Justice Nix (now Chief Justice) writing for a majority of five, stated, "It is unquestionably the law that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory." *Myers,* 457 Pa. at 319, 322 A.2d at 132. This is still the law and I do not believe we should change it simply because we have the power to do so or because the Superior Court inexplicably overlooked the fatal defect and decided the case on its merits. We should not compound the error and do likewise.

LARSEN, J., joins in this dissenting opinion.