J-S30010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAD MARSHALL WILCOX, | |
| Appellant | No. 1032 MDA 2016 |

Appeal from the Judgment of Sentence January 22, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001056-2012

BEFORE:  SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

Appellant, Chad Marshall Wilcox, appeals from the judgment of sentence entered on January 22, 2016, in the Lycoming County Court of Common Pleas.  We affirm.

The record reveals that on March 16, 2012, Appellant was charged with numerous crimes in connection with the sexual abuse of his six-year-old step-daughter, I.F.  Specifically, Appellant was charged as follows:

> [Appellant] was charged with Statutory Sexual Assault[1], Aggravated Indecent Assault[2], Involuntary Deviate Sexual Intercourse with a Child[3], Indecent Assault (under 13 years of age)[4]; Corruption of Minors (sexual offenses)[5]; Rape of a Child[6]; Indecent Exposure[7]; and Unlawful Contact with a Minor[8]. [Appellant] was tried by jury on January 21, 2016, with the jury returning a verdict of guilty on all counts.
>
> [1] 18 Pa.C.S. § 3122.1
>
> [2] 18 Pa.C.S. § 3125

[3] 18 Pa.C.S. § 3123(B)

[4] 18 Pa.C.S. § 3126(A)(7)

[5] 18 Pa.C.S. § 6301(a)(1)(ii)

[6] 18 Pa.C.S. § 3121(c)

[7] 18 Pa.C.S. § 3127(A)

[8] 18 Pa.C.S. § 6318(a)(1)

The Court sentenced [Appellant] to an aggregate sentence of 21 to 70 years, to be served consecutively to a 40 to 80 year sentence for murder out of Montgomery County, Pennsylvania. For Count 6 Rape of Child, the Court imposed a minimum sentence of 10 years and a maximum sentence of 40 years. For Count 8 Unlawful Contact with a Minor, the Court imposed a minimum sentence of 10 years, the maximum of 20 years. The sentences in both those counts were ordered to run consecutive to one another. For Count 1 Statutory Sexual Assault, the Court sentenced [Appellant] to a minimum of one (1), maximum of 10 years in a state correctional institution, also to run consecutive to sentences in Count 6 and Count 8.

Pa.R.A.P. 1925(a) Opinion, 8/22/16, at 1. Post-sentence motions were filed and denied. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises seven issues for this Court's consideration:

I. The lower court erred in determining that there was sufficient evidence to support a conviction of all charges following the January 21, 2016 trial, as the Commonwealth did not establish the factual predicate necessary for conviction.

II. The lower court erred by finding that the alleged victim was unavailable for purposes of the Tender Years doctrine and

- 2 -

admitting hearsay evidence from Lou Ann [Ziegler],[1] Melis[s]a [Dangle],[2] and Sherry Moroz.

III. The lower court erred by ruling that the alleged victim was unavailable to testify, thereby violating the Appellant's right to confrontation as guaranteed by the Pennsylvania and United States Constitutions.

IV. The lower court erred by failing to discharge the entire jury panel when, during selection, Juror #1 stated in open court that the District Attorney was a good man who hires good people. The Court ordered Juror #1 be stricken for cause, but refused to discharge the entire panel.

V. The lower court erred by denying the Appellant's motion to dismiss based upon Sgt. Taylor's unlawful seizure of the Appellant's discovery, notes, and documents containing trial strategy developed by the Appellant and his trial counsel.

VI. The lower court erred by denying the Appellant's request for continuance due to the fact that his discovery and notes had been obtained by the Commonwealth.

VII. The lower court erred by permitting Mr. Mowery's testimony during trial concerning statements made to him by the alleged victim.

Appellant's Brief at 7.

In Appellant's first issue, he avers that the evidence was insufficient to support a conviction of all charges.[3]  Appellant was convicted of eight

_____

[1] Lou Ann Ziegler is also referred to as Luann Ziegler and Luanne Ziegler. N.T., 1/21/16, at 49, 50.  We will utilize Lou Ann Ziegler for consistency.

[2] Melissa Dangle is also referred to as Melissa Wheeland.  N.T., 11/12/13, at 90; N.T., 1/21/16, at 59.  We will utilize Melissa Dangle for consistency.

[3] Appellant presented this issue in his Pa.R.A.P. 1925(b) statement as follows: "1. [Appellant] submits the evidence was insufficient to prove that
*(Footnote Continued Next Page)*

separate crimes: statutory sexual assault; aggravated indecent assault; involuntary deviate sexual intercourse with a child; indecent assault where the victim is under thirteen years of age; corruption of minors of a sexual nature; rape of a child; indecent exposure; and unlawful contact with a minor. We note that:

> [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id***. at 281 (citation omitted). Here, as is evident, Appellant not only failed to specify which elements he was challenging in his Rule 1925(b) statement, he also failed to specify which conviction he was challenging. Thus, we find Appellant's sufficiency claim waived on this basis. ***See Gibbs, supra***.

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013).

Appellant's bald assertion fails to detail which crimes, let alone which elements of the crimes were not proven beyond a reasonable doubt. Pursuant to ***Garland***, we conclude Appellant's failure in this regard is fatal to his challenge to the sufficiency of the evidence, and we conclude that he has waived this issue on appeal. ***Id***.

_____
*(Footnote Continued)*

[he] actually committed any sexual abuse of the alleged victim." Pa.R.A.P. 1925(b) Statement, 7/7/16, at ¶1.

- 4 -

In his second and third issues, Appellant avers that the trial court erred by finding that I.F. was unavailable to testify pursuant to the tender years exception to the prohibition on hearsay, and violated Appellant's right to confrontation as guaranteed by the Pennsylvania and United States Constitutions. We disagree.

It is well settled that "[t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015) (citation omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id*. (citation omitted).

Hearsay is defined as a declarant's out-of-court statement offered to prove the truth of the matter asserted, and it is generally inadmissible unless an exception applies. Pa.R.E. 801 and 802. The "tender years exception," one of the exceptions enumerated in Pa.R.E. 802, provides as follows:

> **(a) General rule.--**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), **31 (relating to sexual offenses)**, 35 (relating to burglary and

other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
>> (i) testifies at the proceeding; or
>>
>> (ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a) (emphasis added).

The unavailability component is set forth as follows:

> **(a.1) Emotional distress.--**In order to make a finding under subsection (a)(2) (ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:
>
>> (1) Observe and question the child, either inside or outside the courtroom.
>>
>> (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.
>
> **(a.2) Counsel and confrontation.--**If the court hears testimony in connection with making a finding under subsection (a)(2)(ii), all of the following apply:
>
>> (1) Except as provided in paragraph (2), the defendant, the attorney for the defendant and the attorney for the Commonwealth or, in the case of a civil proceeding, the attorney for the plaintiff has the right to be present.

> (2) If the court observes or questions the child, the court shall not permit the defendant to be present.

42 Pa.C.S. § 5985.1(a.1) and (a.2).

The record reveals that the trial court held hearings on this issue, and the court initially ruled that I.F.'s statements to Melissa Dangle of the Lycoming County Office of Children and Youth Services, and elementary school counselor Lou Ann Ziegler, were admissible under the tender years exception, but the testimony of special education teacher Kyle Mowery, and forensic interviewer Sherry Moroz was inadmissible. Opinion and Order, 3/28/14. The Commonwealth filed a motion for reconsideration, and the trial court revisited the statements and the conditions under which I.F. made those statements to Kyle Mowery and Sherry Moroz. Motion for Reconsideration, 4/2/14. Following a hearing held on April 22, 2014, the trial court concluded that in addition to the hearsay testimony of Melissa Dangle and Lou Ann Ziegler, the hearsay testimony of Sherry Moroz would be permitted at trial. Opinion and Order, 5/2/14.[4]

On appeal, Appellant simply attempts to minimize I.F.'s emotional distress and assail her credibility. Appellant's Brief at 26-28. Appellant's argument places blame on I.F.'s father for not being cooperative in obtaining therapy for I.F. that could have made her more confident and prepared to

_____

[4] Despite changing its decision with respect to Sherry Moroz's testimony, the trial court did not alter its decision regarding Kyle Mowery. Opinion and Order, 5/2/14.

- 7 -

testify. *Id*. Moreover, Appellant states that I.F. has testified before, and thus, could have testified at trial. *Id*. However, these conclusory arguments fail to illustrate how the trial court erred or abused its discretion in ruling that I.F. was unavailable.

After review, we conclude that the trial court complied with the requirements set forth in 42 Pa.C.S. § 5985.1(a.1) and (a.2) and found that I.F. was unavailable. Accordingly, we affirm the trial court's decision regarding I.F.'s unavailability and the admissibility of testimony from Melissa Dangle, Lou Ann Ziegler, and Sherry Moroz, based upon the thorough opinions and orders filed by the Honorable Marc F. Lovecchio on March 28, 2014, and May 2, 2014.[5]

In his fourth issue on appeal, Appellant claims that the trial court erred when it refused to discharge the entire jury panel after a comment made by a prospective juror. Appellant claims that the comment irrevocably tainted the entire jury panel. We disagree.

The purpose of *voir dire* is to ensure the empaneling of a fair and impartial jury capable of following the trial court's instructions on the law. ***Commonwealth v. Marrero***, 687 A.2d 1102, 1107 (Pa. 1996). The decision to disqualify prospective jurors is left to the discretion of the trial court, and that decision will not be disturbed on appeal absent an abuse of

---

[5] The parties are directed to attach copies of these opinions to future filings in the event of further proceedings in this matter.

that discretion. *Commonwealth v. Ingber*, 531 A.2d 1101, 1103 (Pa. 1987). "The law also recognizes that prospective jurors were not cultivated in hermetically sealed environments free of all beliefs, conceptions and views. The question relevant to a determination of qualification is whether any biases or prejudices can be put aside upon the proper instruction of the court." *Id*. (citation omitted).

The record reveals that during jury selection, the following exchange occurred in the presence of the jury panel:

> **PROSEPECTIVE JUROR 1:** Number 1, Keith Morton, I worked for [District Attorney] Eric Linhardt at his house, construction.
>
> **[Assistant District Attorney Melissa] Kalaus:** … Based on that do you feel you could be fair and impartial in this case? [District Attorney Eric Linhardt will] have absolutely no dealings, he's not going to be questioning or taking part in this trial.
>
> **PROSEPECTIVE JUROR 1:** I wouldn't know, I'm not sure.
>
> **MS. KALAUS:** You're not sure? Like I said, we want –
>
> **PROSEPECTIVE JUROR 1:** It's kind of a gray area.
>
> **MS. KALAUS:** And seeing that [District Attorney Eric Linhardt] has absolutely nothing to do with this, it's my prosecution, my case, he won't be doing anything with the case, you still have a problem?
>
> **PROSEPECTIVE JUROR 1:** I still have doubts.
>
> **MS. KALAUS:** Challenge.
>
> **[DEFENSE COUNSEL MICHAEL] RUDINSKI:** Challenge for cause.
>
> **THE COURT:** I don't quite understand Mr. Morton. You say you would have difficulty – you built Mr. Linhardt's house –

**PROSEPECTIVE JUROR 1:** I worked on his house.

**THE COURT:** Worked on his house?

**PROSEPECTIVE JUROR 1:** Worked on his house.

**THE COURT:** You really think that would affect your ability to be impartial in this case having no virtual involvement with Mr. Linhardt other than his title?

**PROSEPECTIVE JUROR 1:** He's a good man, I figure he hires good people.

**THE COURT:** You're excused sir. Please return to the Juror's Lounge. Tell them I excused you for the day.

N.T., 1/6/16, at 21-22.

At this juncture, Appellant's counsel requested that the trial court excuse the entire jury panel. N.T., 1/6/16, at 21-22. The trial court refused, *voir dire* continued, and a jury was empaneled.

After review, we conclude that the prospective juror's comment did not prevent the empaneled jury from rendering a true verdict as each of the empaneled jurors affirmed that they were capable of following the trial court's instructions and rendering an impartial decision. N.T., 1/6/16, at 25-39. Simply stated, Appellant's argument is purely speculative. The trial court did not abuse its discretion in refusing to strike the entire jury panel, and Appellant is entitled to no relief on this issue.

In Appellant's fifth and sixth issues, he avers that the trial court erred in denying Appellant's motion to dismiss due to Sergeant James Taylor's seizure of Appellant's notes and documents that Appellant alleges were

protected by attorney-client privilege, and that the trial court erred in refusing to grant a continuance. Appellant's claims fail.

The record reflects that during the investigation into Appellant's crimes, Appellant's wife voluntarily gave Sergeant Taylor some paperwork that Appellant had drafted. N.T., 1/14/16, at 7. Appellant alleges that these "discovery" materials were protected by attorney-client privilege. However, the materials in question consisted of letters and notes Appellant formulated that were sent to his wife or his mother—not his attorney. Thus, we conclude that they were not created exclusively for his lawyer and not protected by attorney-client privilege. ***Commonwealth v. Mrozek***, 657 A.2d 997, 998 (Pa. Super. 1995). Moreover, while Appellant baldly claims that the trial court should have granted a continuance because he was prevented from establishing a defense due to the Commonwealth obtaining the letters referenced above, he fails to state how. This boilerplate allegation is insufficient to allow for appellate review. In addition, as the trial court pointed out, Appellant and his counsel knew for two years that Appellant's "file" remained in possession of the Commonwealth; during those two years, however, neither Appellant nor his counsel took any action to obtain this information. Pa.R.A.P. 1925(a) Opinion, 8/22/16, at 6-7. Accordingly, Appellant is entitled to no relief on issues five and six.

In his final issue on appeal, Appellant claims that the trial court erred by permitting Mr. Mowery to testify concerning statements made to him by I.F. We conclude that Appellant is entitled to no relief on this issue.

We reiterate that the admissibility of evidence is left to the discretion of the trial court. *Woodard*, 129 A.3d at 494. Moreover, we also point out that not every error at trial requires a mistrial, and the harmless error doctrine reflects that the accused is entitled to a fair trial, not a perfect one. *Commonwealth v. West*, 834 A.2d 625, 634 (Pa. Super. 2003). An error is harmless if the evidence of guilt is so overwhelming, that by comparison the error is insignificant. *Commonwealth v. Mitchell*, 576 Pa. 258, 839 A.2d 202, 214 (Pa. 2003). "An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." *Id*.

As noted above, the trial court ruled that the tender years exception would not permit Mr. Mowery to testify regarding statements I.F. made to him. However, at trial, Mr. Mowery, a teacher at I.F.'s school, testified that I.F. told him that "she had a secret with her stepfather." N.T., 1/21/16, at 24. Appellant objected and moved for a mistrial, and the trial court overruled the objection. *Id*. at 24, 46.

In its opinion, the trial court explained its decision as follows:

> This Court overruled [Appellant's] objection to the testimony of Mowery because what he testified to was duplicative of what the jury would hear when the video of the interview at the Child Advocacy Center was played to the jury.

- 12 -

> The Commonwealth's error in calling Mowery to the stand was harmless. The statement "But I just told Mr. Mowery we had a secret" was made in the video that was played for the jury. [N.T., 1/21/16,] pg. 40, lines 22-23. It is very unlikely that had Mowery not testified that the outcome in the trial would have been different. Stating victim told me she had a secret does not establish any of the elements of the crimes for which [Appellant] was convicted and as victim referred to the secret repeatedly in the video that was admissible into evidence by Judge Lovecchio's order the [Appellant] was not harmed by its improper admission.
> …

Pa.R.A.P. 1925(a) Opinion, 8/22/16, at 7.

We agree with the trial court that any error in Mr. Mowery's testimony was harmless. The jury heard that I.F. informed Sherry Moroz and Mr. Mowery that she had a "secret" with Appellant. N.T., 1/21/16, at 40. Accordingly, we conclude that Appellant is not entitled to relief on this issue.

For the reasons set forth above, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

- 13 -