J-S78004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
           v.                        :
                                :
                                :
A.G., Sr.                         :
                                :
             Appellant        : No. 635 EDA 2018

Appeal from the Judgment of Sentence November 20, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002966-2016

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 04, 2019**

A.G., Sr. (A.G.), appeals from his judgment of sentence, entered in the Court of Common Pleas of Lehigh County, following his conviction of aggravated indecent assault of a child,[1] corruption of minors,[2] and indecent assault of a person less than 13 years of age.[3]  After careful review, we affirm.

A.G. sexually molested his then-nine-year-old daughter, I.G., while she slept in his bed with him and his girlfriend.  I.G. alleged that sometime during the night, A.G. reached over with his hand and "touched" her on top of her private area, inserted his hand into her privates, and hurt her.  I.G. told her sister the following day at school that A.G. had put his finger inside her the

_____

[1] 18 Pa.C.S. § 3125(b).

[2] 18 Pa.C.S. § 6321(a)(1)(ii).

[3] 18 Pa.C.S. § 3126(a)(7).

_____

\* Former Justice specially assigned to the Superior Court.

night before. After a jury trial, A.G. was convicted of the above-stated offenses and sentenced to an aggregate term of imprisonment of 8 years and 2 months to 25 years. A.G. filed timely post-sentence motions that were denied by the trial court. He filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

A.G. presents the following issues for our consideration:

(1)    Whether the trial court committed error when it denied the defense's request to strike the jury panel when information inferring that the defendant was or had been incarcerated was made known to them.

(2)    Was the verdict against the weight of all the evidence in regards to the proof of whether or not the defendant was properly convicted of the charges?

(3)    Whether the evidence was sufficient to sustain the defendant's convictions.

Appellant's Brief, at 8.

In his first issue on appeal, A.G. contends that the court improperly denied his motion to strike the entire jury panel after the Commonwealth elicited a response from a prospective juror, who was a correctional officer, that indicated he knew A.G. A.G. asserts that this response tainted the entire jury panel by "raising an improper assumption that [A.G.] either was or had been in jail for some unknown offense or the present offenses." Appellant's Brief, at 10.

The purpose of *voir dire* is to ensure the empaneling of a fair and impartial jury capable of following the trial court's instructions on the law. ***Commonwealth v. Marrero***, 687 A.2d 1102, 1107 (Pa. 1996). The decision to disqualify prospective jurors is left to the discretion of the trial court, and that decision will not be disturbed on appeal absent an abuse of that discretion. ***Commonwealth v. Ingber***, 531 A.2d 1101, 1103 (Pa. 1987). "The law also recognizes that prospective jurors were not cultivated in hermetically sealed environments free of all beliefs, conceptions and views. The question relevant to a determination of qualification is whether any biases or prejudices can be put aside upon the proper instruction of the court." ***Id.*** (citation omitted).

The record reveals that during jury selection, the following exchange occurred in the presence of the jury panel between the assistant district attorney and a prospective juror:

> PROSPECTIVE JUROR NO. 1:  Well, I work at Lehigh County as a correction officer, so obviously you see things within your job description. So basically, you know, assaults, sexual assaults, things like that.  I can go in deeper if you want.
>
> MS. MARKS:  That's okay. So you are a corrections officer and have seen a lot of things, heard a lot of things --
>
> PROSPECTIVE JUROR NO. 1:  In fact, I know A[.G.] already.
>
> MS. MARKS: You know -- okay, all right.  So because you are a correction officer, in that position, would that prevent you from being fair and impartial?
>
> MR. GOUGH: Your Honor, I don't mean to interrupt, but may we approach the Bench?

N.T. Jury *Voir Dire*, 8/15/17, at 22. Defense counsel immediately lodged an objection, stating that he was concerned about the fact that the prospective juror had acknowledged that he knew his client, noting that he believed "the whole panel could be poisoned" and requesting that "the panel [be] stricken and . . . a new panel brought in[.]" *Id.* at 23.

First, as the trial court notes, the prospective juror did not indicate that he knew A.G. as a criminal or prisoner. Second, the comment that the juror knew A.G. was merely a passing reference and no further questioning was made with regard to that topic. Third, the prospective juror was stricken from the jury pool for cause.

Based on a review of the record, we cannot discern an abuse of discretion by the trial court for failing to strike the entire jury pool over the above-quoted comment from prospective juror #1. A.G. does not point to anything to prove that he was prejudiced from the isolated comment, saying nothing more than the comment "would lend itself towards a prejudicial position" and that the other jurors "were left to speculate about the full nature of [the juror's] contact with [A.G.]." Appellant's Brief at 18-19. A.G.'s argument that the entire panel was tainted is purely speculative. He is not entitled to relief. *Ingber*, *supra*.

In his next issue, A.G. argues that the verdict was against the weight of the evidence. Specifically, he contends that there was no supporting physical evidence, nor any additional supporting testimony to prove that the alleged assault occurred. We disagree.

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa. Super. 2007) (internal quotations and citations omitted).

The trial court considered A.G.'s weight of the evidence argument in his post-sentence motion and concluded it lacked merit. We discern no abuse of discretion in that determination. Here, the jury chose to believe the minor victim's testimony regarding the relevant events. Moreover, Katelyn M. Brown, the certified nurse practitioner who conducted a sexual assault victim physical examination on I.G. two days after the alleged incident, testified that in most cases of child sexual abuse there are generally no physical findings because of a minor's anatomy and the fact that their organs are vascularized, which means that injuries heal very quickly. N.T. Jury Trial, 8/16/17, at 119-20. It was purely within the jury's discretion to believe the victim and the Commonwealth's witnesses and we will not disturb that on appeal. Simply put, the verdict does not shock one's sense of justice.

In his final issue on appeal, A.G. contends that there is insufficient evidence[4] to support his convictions. A.G.'s argument on this issue consists of the following, "The Defendant believes that the testimony presented from the alleged victim, which was the only substantive evidence that a crime may have been committed, was not believable, was contradicted by other reputable testimony, and was not supported by any physical or medical proof of injury." Appellant's Brief, at 24. A.G. does not make any cogent legal argument, fails to give specific examples of exactly what elements of the three crimes for which he was convicted were not proven with specificity, and reiterates his

_____

[4] We address sufficiency challenges under a well-established standard of review:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by a fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. . . . Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1260 (Pa. Super. 2012).

weight of the evidence challenge as it relates to the credibility of the child victim. Accordingly, we find that he has waived this claim. ***See Commonwealth v. Manley***, 985 A.2d 256 (Pa. Super. 2009) (sufficiency challenge waived where appellant's argument section of brief did not specify which elements of offenses were unproven).

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/19