J-A15020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFERY VARGAS-RIVERA | |
| Appellant | No. 668 EDA 2020 |

Appeal from the Judgment of Sentence entered January 27, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007133-2017

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 28, 2021**

Appellant, Jeffery Vargas-Rivera, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on January 27, 2020, following his conviction of involuntary deviate sexual intercourse ("IDSI") with a child; unlawful contact with a minor—sexual offenses; endangering the welfare of children ("EWOC")—parent/guardian/others; corruption of a minor—defendant age 18 or above; rape of child; and indecent assault on a person less than 16 years of age, all with respect to offenses committed against his stepdaughter, D.S., beginning when she was ten years old and continuing until she was approximately 15

years old.[1]  Appellant argues that the trial court abused its discretion when it denied a for-cause challenge to a juror ("Juror 26").  Because we agree the court abused its discretion by denying the for-cause challenge, we vacate Appellant's judgment of sentence and remand for a new trial.

The trial court provided a detailed summary of the facts elicited at trial. **See** Trial Court Opinion, 11/20/20, at 2-6.  For our purposes, it is sufficient to note that D.S., an individual diagnosed with high functioning autism, testified as to the multiple assaults committed by Appellant at various locations, including in the home D.S. shared with her mother, her sister, and Appellant; in Appellant's truck; in Appellant's one-room rental; and in a residence D.S. later shared with her mother and her sister.  **Id.**  On November 1, 2019, at the conclusion of the trial, the jury convicted Appellant of the crimes identified above.  On January 27, 2020, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' imprisonment, followed by 24 years of reporting sex offender probation.  Appellant filed a timely appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our consideration.

I.    Did the lower court abuse its discretion by refusing to grant Appellant's challenge for cause as to [Juror 26] such that a new trial is now required in the interest of justice?

II.   Did the trial court abuse[] its discretion in restricting direct examination of the Appellant who wanted to testify that the

---

[1]  18 Pa.C.S.A. §§ 2123(b), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), 3121(c), and 3126(a)(8), respectively.

- 2 -

mother of the complainant told him that she would have him prosecuted as a result of their domestic dispute which was relevant to her corrupt motive and the credibility of the [complainant]?

Appellant's Brief at 3.

In another case involving the denial of a for-cause challenge, *Commonwealth v. Penn*, 132 A.3d 498 (Pa. Super. 2016), this Court looked to our Supreme Court's decision in *Commonwealth v. Ingber*, 531 A.2d 1101 (Pa. 1987), in which the Supreme Court explained:

> A criminal defendant's right to an impartial jury is explicitly guaranteed by Article I, section 9 of the Pennsylvania Constitution. The jury selection process is crucial to the preservation of that right. . . .
>
> It must be remembered the purpose of the *voir dire* examination is to provide an opportunity to counsel to assess the qualifications of prospective jurors to serve. It is therefore appropriate to use such an examination to disclose fixed opinions or to expose other reasons for disqualification. Thus the inquiry must be directed at ascertaining whether the venireperson is competent and capable of rendering a fair, impartial and unbiased verdict. The law also recognizes that prospective jurors were not cultivated in hermetically sealed environments free of all beliefs, conceptions and views. The question relevant to a determination of qualification is whether any biases or prejudices can be put aside upon the proper instruction of the court.
>
> A challenge for cause to service by a prospective juror should be sustained and that juror excused where that juror demonstrates through his conduct and answers a likelihood of prejudice. The decision whether to disqualify a venireman is within the discretion of the trial court and will not be disturbed on appeal absent a palpable abuse of that discretion.

*Id.* at 502 (quoting *Ingber,* 531 A.2d at 1102-03) (internal quotations and citations omitted).

In **Penn**, as in the present case, the defendant was forced to use one of his peremptory challenges when the trial court denied a challenge for cause. He eventually exhausted all of his peremptory challenges, as did Appellant, before the jury was seated. Penn argued the trial court abused its discretion by denying his challenge for cause. We agreed and granted a new trial.

In **Penn**, this Court reviewed the answer provided by the juror in response to written voir dire along with the subsequent oral voir dire conducted to assess the prospective juror's connection with law enforcement personnel and her proclivity to give credence to the testimony of law enforcement personnel. Because of the juror's own history and her connections with law enforcement personnel, the juror indicated she would be more inclined to believe the testimony of law enforcement personnel. However, she then indicated she could follow the court's instructions and thought she could be fair and impartial, acknowledging that it all comes down to the evidence. Nevertheless, she still suggested she would be inclined to believe law enforcement personnel. Defense counsel's challenge for cause was denied. Counsel used a peremptory challenge, and ultimately exhausted his peremptory challenges.

The Commonwealth's case consisted of the testimony of two police detectives. The jury convicted Penn. On appeal, Penn challenged the trial court's denial of the for-cause challenge. As stated above, this Court

determined the trial court abused its discretion, vacated the judgment of sentence, and remanded for a new trial.

In the instant case, the transcript reflects the following examination of Juror 26 and the subsequent exchange between the trial court and counsel:

> COURT CRIER: No. 26 raised their card for the nature of the charges. No. 26. Have a seat right there on the end, please.
>
> . . .
>
> THE COURT: You indicated that you didn't think you could be fair because of the nature of the charges; is that correct?
>
> [JUROR 26]: Correct.
>
> THE COURT: When I read a list of names from the potential witness list or names that will be used throughout this trial, did you recognize any of those names?
>
> [JUROR 26]: No.
>
> THE COURT: Do you know the defendant?
>
> [JUROR 26]: No.
>
> THE COURT: Do you know anyone involved in this case, any of the parties in this case?
>
> [JUROR 26]: No.
>
> THE COURT: So you're able to come in here with an open mind and render a fair and impartial verdict based on the evidence presented in this courtroom only, correct?
>
> [JUROR 26]: I don't know if I could do that.
>
> THE COURT: Why is that?
>
> [JUROR 26]: Because of the seriousness of the case.

THE COURT: Again, you don't know anyone involved in this case, correct?

[JUROR 26]: I do not.

THE COURT: So you're able to come in here with an open mind and render a fair and impartial verdict based on the evidence presented in this courtroom only, correct?

[JUROR 26]: I would have a hard time.

THE COURT: Why is that?

[JUROR 26]: Because of the nature of the case.

THE COURT: But you don't know anybody that's –

[JUROR 26]: I do not know anybody.

THE COURT: And, again, the defendant is innocent until proven guilty. And everyone is entitled to a trial with a jury of their peers, correct?

[JUROR 26]: Correct.

THE COURT: So you're able to come in here with an open mind and render a fair and impartial verdict based on the evidence presented in this courtroom, correct?

[JUROR 26]: Yes.

THE COURT: You've also indicated you've served as a juror before, correct?

[JUROR 26]: Yes.

THE COURT: Is there anything about your prior service as a juror that would interfere with your ability to come in here with an open mind and render a fair and impartial verdict in this matter?

[JUROR 26]: No.

THE COURT: You've also indicated "yes" when asked, Have you or anyone else close to you been the victim of a crime. Who might that be?

[JUROR 26]: My father.

THE COURT: And what happened?

[JUROR 26]: He was killed.

THE COURT: I'm sorry to hear that. That was here in Philadelphia?

[JUROR 26]: Yes.

THE COURT: Okay. You've also indicated "yes" when asked, Have you or anyone close to you ever worked as a police officer or in any other law enforcement job. Who might that be?

[JUROR 26]: I have friends that are current police officers.

THE COURT: Okay. My next two questions are more personal. Have you or anyone close to you ever been a victim of a sexual assault whether or not it was reported to the police?

[JUROR 26]: I have family members that have had sexual assault happen that was not reported.

THE COURT: Let's start with the first family member. Was that person an adult?

[JUROR 26]: A cousin.

THE COURT: A cousin. Was it an adult or a child, it you know?

[JUROR 26]: I don't know when it happened. I just know that it did.

THE COURT: What about the next person that you were referencing. Do you know any information about what happened to that person?

[JUROR 26]: Yes.

THE COURT: So was that a cousin, or what relation was the next person?

[JUROR 26]: A friend.

THE COURT: A friend. How old was your friend when this happened? Was she an adult, or was she a minor?

[JUROR 26]: She was a minor.

THE COURT: And did she know the person who did this to her?

[JUROR 26]: Yes.

THE COURT: And what was the relationship? Was it a family member or a neighbor or acquaintance?

[JUROR 26]: A family member.

THE COURT: And was that person ever arrested or apprehended as a result?

[JUROR 26]: No.

THE COURT: Was that here in Philadelphia?

[JUROR 26]: No.

THE COURT: Okay. And I don't know how old your friend is now, but is it fair to say that that happened some decades ago?

[JUROR 26]: Yes.

. . .

THE COURT: The law in Pennsylvania states that the testimony of the complaining witness, standing alone, is enough in this type of case, without any other evidence, for you to find a defendant guilty if you believe that testimony beyond a reasonable doubt. Could you follow that instruction of law?

[JUROR 26]: Yes.

- 8 -

THE COURT: All right. Thank you. You may step down. Again, I'm sorry, one last question. Are you able to come in here with an open mind and render a fair and impartial verdict, correct?

[JUROR 26]: I don't know if I can.

THE COURT: Why is that?

[JUROR 26]: Because of the case, the type of case that it is.

THE COURT: But, again, we—we'll go through it again. Would you agree with me that everyone is entitled to have a trial with a jury of their peers?

[JUROR 26]: I do.

THE COURT: Everyone is innocent until proven guilty, correct?

[JUROR 26]: I agree.

THE COURT: So you're able to come in here with an open mind and render a fair and impartial verdict based on the evidence presented in this courtroom, correct?

[JUROR 26]: Yes.

THE COURT: All right. Thank you. You may step down.

[DEFENSE COUNSEEL]: I would challenge for cause or request that Your Honor inquire as it relates to, obviously, what was the problem in this case, not whether she knew anybody but whether the nature of the charges affected her ability to sit as a fair and impartial juror. I would suggest that Your Honor's questioning is non sequitur. When people indicate that they have a problem with the nature of the charges, you say, Do you know these people? That's like saying is the sun shining –

THE COURT: Well, no. I asked more than just do you know these people.

DEFENSE COUNSEL: Well, no. At the end of the day, you ask them quickly in response to that when you're rapid-fire asking them, Do you know these people, you know, can you be fair and impartial. This particular juror, three separate times, has

hesitated and has indicated that it's the nature of the charges. And for some reason Your Honor is just, with all due respect, steamrolling the whole issue and not allowing individuals to come into play. And the one a couple before this, if she didn't happen to be able to eke out that she said she had been raped previously, I don't think it would have ever come out in response to any of the court's questions. So, I mean, I have an objection.

THE COURT: And, again, I take offense to that. Because I specifically asked, Have you or anyone close to you ever been a victim of a sexual assault. And so that would come out . . . And we have stricken people who said they cannot be fair. So I do take offense. But if you have another question you want me to inquire of her, I will bring her in and inquire.

DEFENSE COUNSEL: Well, I would ask Your Honor to inquire as it relates to the nature of the charges affecting her ability to be fair and impartial versus the knowledge of the litigants. That's all. I mean, that's –

THE COURT: I did. And she stated she didn't like the charges.

DEFENSE COUNSEL: Well, the question was whether she could be fair or not.

THE COURT: Exactly. And that's why I asked her, and she said she could.

DEFENSE COUNSEL: Well, you asked her, Do you know the players involved.

THE COURT: I also asked her could she come in here with an open mind and render a fair and impartial verdict.

DEFENSE COUNSEL: I understand that. But that still doesn't –

THE COURT: Okay. I want you to acknowledge that because you said I didn't ask her. I did ask that.

DEFENSE COUNSEL: I don't think it addresses the issue.

THE COURT: That's why I asked you what, specifically, would you like me to ask her.

DEFENSE COUNSEL:  Would the nature of the charges in this case affect your ability to sit as a fair and impartial juror.

THE COURT:  And we've already discussed that.

DEFENSE COUNSEL:  I realize that.

THE COURT:  So your cause is denied.

DEFENSE COUNSEL:  Thank you.

THE COURT:  Whose turn is it?

COURT CRIER:  Defense.

DEFENSE COUNSEL:  Peremptory.

THE COURT:  Defense strike five.

Notes of Testimony, 10/29/19, at 79-89.

In its Rule 1925(a) opinion, the trial court rejected Appellant's abuse of discretion assertion, finding that "Juror 26 did not possess a fixed, unalterable opinion regarding the nature of the case" and "could not articulate a comprehendible aversion to the nature of the case."  Trial Court Opinion, 11/20/20 at 9.  It was the court's conclusion that "[a] mere restatement of the initial prompt 'the nature of the case' was insufficient . . . to warrant a dismissal for cause."  *Id.*  Further, "when given the opportunity, defense counsel failed to suggest any questions to supplement that of the court's."  *Id.*

We cannot agree with the trial court's assessment of Juror 26's responses or its assertion that defense counsel failed to suggest questions to supplement the court's questions.  As Appellant notes, Juror 26 "repeatedly

expressed her concern that she might not be able to render a fair and impartial verdict based on the seriousness of the charges, even though she did not know any of the parties." Appellant's Brief at 20. As reflected in the above-quoted exchange between Juror 26 and the trial court, Juror 26—who disclosed in response to the court's questions that her cousin and her friend were victims of sexual assault—indicated in writing and during oral voir dire that she did not think she could render a fair verdict due to the "nature of the charges," and also stated she did not know if she could render a fair verdict because of the "seriousness of the case" and the "type of case." Yet instead of exploring Juror 26's concerns about the nature of the case and asking whether the nature of the case would impact her ability to render a fair and impartial verdict, the trial judge inexplicably and repeatedly asked her if she knew anyone involved in the case and whether she agreed that everyone is entitled to a trial with a jury of peers. When defense counsel asked the trial judge "to inquire as it relates to the nature of the charges affecting her ability to be fair and impartial," the judge responded, "I did. And she stated she didn't like the charges."

Although Juror 26 ultimately answered that she could keep an open mind and render a fair and impartial verdict, her answers to the court's questions clearly revealed an uncertainty as to her ability to do so. As was the case in **Commonwealth v. Johnson**, 445 A.2d 509 (Pa. Super. 1982), uncertainty remains as to whether Juror 26 could be fair and impartial "in view

of the court's questions, which [the prospective juror] may well have understood as suggesting [her] proper response, and the response desired by the court, was to say, despite [her] doubts, that [she] would be an impartial juror." ***Id.*** at 514. "It is not the court's function to persuade a prospective juror to put aside doubts expressed, and explained, as earnestly as [the prospective juror's] were." ***Id.*** Compounding matters in the instant case was the trial court's unwillingness to explore the reasons behind Juror 26's expressed concerns, despite defense counsel's request, relying instead on Juror 26's acknowledgement she did not know persons involved in the instant case and her belief that accused persons are entitled to a jury of their peers.[2]

Because we conclude that Juror 26's lack of knowledge of the persons involved and her belief that accused persons are entitled to a jury of their peers did not reflect her willingness and ability "to eliminate the influence of any scruples and render a verdict according to the evidence," ***see Commonwealth v. Briggs***, 12 A.3d 291, 333 (Pa. 2011) (citation omitted), we find that the trial court palpably abused its discretion by denying defense

---

[2] We find the trial court's repeated browbeating of Juror 26 until a satisfactory answer was given and the court taking umbrage to defense counsel's objection to the court's questioning very troubling. It is not the court's function to persuade a prospective juror, ***Johnson***, and it is defense counsel's obligation to object when appropriate, to provide the representation to which their client is entitled. ***See*** Rules of Professional Conduct, Preamble [2] and [9] (as advocate, a lawyer zealously asserts the client's position under the rules of the adversary system; a lawyer's obligation is to zealously protect and pursue a client's legitimate interests within the bounds of the law).

counsel's challenge for cause because Juror 26's conduct and answers demonstrated a likelihood of prejudice and doubts about her ability to be impartial. *See also Penn.*

Further, the court's error was not harmless. As this Court recognized in ***Johnson***, "Where, as here, a defendant is forced to use one of his peremptory challenges to excuse a prospective juror who should have been excused for cause, and then exhausts his peremptories before the jury is seated, a new trial will be granted." ***Johnson***, 445 A.2d at 514 (citations omitted).[3]

Because the trial court palpably abused its discretion in denying the for-cause challenge to Juror 26, and because the error rendered counsel unable to exercise a peremptory challenge on another juror prior to seating a jury, we vacate Appellant's judgment of sentence and remand for a new trial.[4]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

_____

[3] Defense counsel stated on the record that he would have used a peremptory challenge on Juror 49 had he not exhausted his peremptories by having to use his fifth strike on Juror 26. Notes of Testimony, 10/29/19, at 136.

[4] In light of our disposition of Appellant's first issue and our remand for a new trial, we do not address his second issue.

Judgment Entered.

![Signature of Joseph D. Seletyn]

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2021