657 A.2d 989

**COMMONWEALTH of Pennsylvania,**

**v.**

**Frederick James PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 24, 1995.

Filed April 25, 1995.

William H. Burwell, Franklin, for appellant.

Mark A. Serge, Asst. Dist. Atty., Franklin, for Com., appellee.

Before ROWLEY, President Judge, and McEWEN and POPOVICH, JJ.

ROWLEY, President Judge:

Frederick James Perry appeals from the judgment of sentence entered after he was convicted of one charge of simple assault as a misdemeanor of the third degree, that is, an assault committed in a fight entered into by mutual consent. Appellant raises two substantive issues on appeal: whether the trial court erred in denying his challenges for cause to two prospective jurors and whether the prosecutor committed misconduct during his closing argument. Appellant also raises two issues concerning the nature of the record before us. Because we find merit to appellant's first issue, we vacate the judgment of sentence and remand for a new trial.

In its opinion, the trial court described the circumstances underlying this case:

> On August 11, 1991, a party was held at Donna Perry's home in Cherrytree Township, Venango County, which is near Titusville, Pennsylvania. Ms. Perry is the defendant's mother. The victim, Jamie Andrusky, although not invited, attended the party and became quarrelsome. After Andrusky got involved in several altercations, Ms. Perry asked him to leave. Later in the evening while Mr. Andrusky was involved in yet another altercation, Mr. Andrusky knocked Ms. Perry out with one punch. The testimony on whether

Andrusky hit Ms. Perry inadvertently or intentionally is unclear. What is clear from the testimony, however, is that Ms. Perry suffered only one blow, and was knocked down. After that, Andrusky was viciously attacked by several people at the party, including the defendant. The evidence was very equivocal on who inflicted what injuries on Andrusky, but the testimony was compelling that long after Andrusky was done fighting and appeared immobile that defendants continued to beat on him. Both defendants asserted self defense and defense of others. We did charge on the law of self defense and defense of others, however, the evidence clearly supported a finding that Andrusky was beyond defending himself at the time he was being beaten by defendants and others. The jury's verdict, based upon our considered assessment of the credible evidence adduced during the trial, supports the theory that the defendants (Perry and McGowan) after being provoked by Andrusky's aggressive conduct, beat on Andrusky but there were others also beating on him before, during and even possibly after, the McGowan, Perry beating and, therefore, the Commonwealth could not sustain its burden of proving a causal link between Andrusky's very serious injuries and Defendant's criminal conduct. Several witnesses testified that they saw Mr. Andrusky being kicked in the head and trunk area after he was rendered unconscious. Andrusky was first taken to Titusville Hospital and then transferred to Saint Vincent Health Center where he was diagnosed as suffering an intraventricular hemorrhage. Andrusky was in intensive care eleven (11) days and as of the date of trial, had no memory of the events in question.

Trial Court Opinion (White, P.J.), 7/6/93, at 2–3. On the basis of the evidence presented at trial, appellant was convicted of simple assault as a third-degree misdemeanor. After he was sentenced to a term of imprisonment of one to twelve months, he filed this timely appeal.

██ In his first issue, appellant contends that the trial court erred in denying his challenges for cause to two potential jurors.

> A challenge of a prospective juror should be sustained in two types of situations. One is where the juror indicates by his answers that he will not be an impartial juror. Another is when the juror has such a close relationship, familial, financial or situational, with the parties, counsel, victims or witnesses that the court will presume a likelihood of prejudice, *irrespective of* the answers given on voir dire.

*Commonwealth v. Maxwell,* 355 Pa.Super. 575, 585, 513 A.2d 1382, 1387 (1986) (citation omitted) (emphasis added). The decision whether to grant a challenge for cause rests within the trial court's discretion and will not be reversed absent palpable error. *Commonwealth v. Lane,* 521 Pa. 390, 396, 555 A.2d 1246, 1249–50 (1989). However, "[t]he latter principle— that the decision rest[s] within the sound discretion of the trial court—was never intended to be a euphemism for a ruling that is insulated from appellate review. The record must justify the action taken by the trial court." *Id.* at 396, 555 A.2d at 1250. After reviewing the record, we conclude that the trial court erred in denying appellant's challenge for cause to prospective juror Harry Stewart.

The record reveals the following. During voir dire, the trial court asked if any of the prospective jurors were acquainted with or related to Pennsylvania State Trooper Charles J. Daley, characterized by the trial court as the "arresting and accusing police officer." Mr. Stewart testified that he knew Trooper Daley for over twenty years, that Trooper Daley was his best friend, and that he socialized with Trooper Daley approximately once a week. Moreover, Mr. Stewart testified that Trooper Daley is an honorable man and that he had no doubts whatsoever about Trooper Daley's veracity. Mr. Stewart also testified that depending on the testimony at trial, his personal experiences would possibly affect his ability to evaluate Trooper Daley's testimony. Notwithstanding Mr. Stewart's statements, the trial court refused appellant's challenge for cause because Mr. Stewart stated that he could be impartial, and because he thought he could try the case based upon what transpired in the courtroom and assess Trooper Daley's credibility on the same standard as any other witness.

Although a trial court's decision to deny a challenge for cause is given great deference, where, as here, a potential juror characterizes the *accusing* police officer as his best friend and an honorable man, and where that potential juror opines that he has no doubts whatsoever about the officer's veracity, "the court [should] presume a likelihood of prejudice." *See Maxwell, supra,* 355 Pa.Super. 575, 513 A.2d 1382. This is especially true considering that Trooper Daley was seated beside the prosecutor during appellant's trial. *See* Appellant's Brief at 6.[1] The trial court, by focusing solely on Mr. Stewart's statement that he could be impartial, disregarded the presumption of a likelihood of prejudice which arose under these circumstances. Furthermore, Mr. Stewart's statements concerning whether his relationship with Trooper Daley would have an influence on him were not completely unequivocal. For the above reasons, we conclude that the trial court erred in refusing appellant's challenge for cause to Mr. Stewart.

Because of that conclusion, we need not decide whether the trial court erred in denying appellant's challenge for cause to Caroline McCreary.[2] We note, however, that while Ms. McCreary told the court, after much questioning, that she could decide the case, she also stated that she blacks out, that is, loses track of things, that she might forget testimony, and that she could remember everything if she really concentrated, but that it would be difficult for her to do so at times. It also appears that the prosecutor was on the verge of challenging Ms. McCreary himself on two occasions when he was interrupted, first by counsel for appellant's co-defendant and then by the trial court.

Finally, where a trial court's rulings on a defendant's challenges for cause have the effect of denying the defendant the use of his peremptory challenges, reversible error is present. *Commonwealth v. Ingber,* 516 Pa. 2, 11, 531 A.2d

1. We note that Trooper Daley also testified at appellant's trial. The substance of his testimony, however, is not disclosed in either the record or the briefs.

2. We also need not discuss the other issues raised by appellant in this appeal.

1101, 1105 (1987). In the present case, it is difficult to determine from the record whether appellant used all his peremptory challenges, although neither the trial court nor the Commonwealth refute his assertion that he did in fact do so. With regard to the number of challenges afforded a criminal defendant, Pa.R.Crim.P. 1126 provides:

> (b) Trials Involving Joint Defendants
>
>> (1) In trials involving joint defendants, the defendants shall divide equally among them that number of peremptory challenges that the defendant charged with the highest grade of offense would have received if tried separately; provided, however, that each defendant shall be entitled to at least two (2) peremptory challenges. Where such division of peremptory challenges among joint defendants results in a fraction of a peremptory challenge, each defendant shall be entitled to the next highest number of such challenges.
>>
>> (2) In trials involving joint defendants, it shall be within the discretion of the trial judge to increase the number of peremptory challenges to which each defendant is entitled up to the number of peremptory challenges that each defendant would have received if tried alone.
>>
>> (3) In trials involving joint defendants, the Commonwealth shall be entitled to peremptory challenges equal in number to the total number of peremptory challenges given to all of the defendants.

Pa.R.Crim.P. 1126(b). Under subsection (a)(2) of Rule 1126, a sole defendant in a non-capital felony case is entitled to seven peremptory challenges. Accordingly, in the present case, appellant and his co-defendant were each entitled to four peremptory challenges, unless the trial court decided to increase that number to seven. During voir dire, the trial court erroneously informed the jury that each attorney in a felony case is entitled to eight peremptory challenges. However, the list of jurors reveals that each defendant used five peremptory challenges while the Commonwealth used ten. Therefore, it appears that appellant, for reasons not disclosed by the rec-

ord, was given five peremptory challenges, all of which he used.[3]

For the above reasons, we conclude that the trial court erred in denying appellant his challenge for cause to Mr. Stewart. As a result, we vacate the judgment of sentence and remand for a new trial.

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

---

**3.** We note that appellant specifically contends that he would have used a peremptory challenge to strike Ms. McCreary after the trial court refused his challenge for cause.