COMMONWEALTH of Pennsylvania, Appellee,

v.

**Lawrence Edward DYE, Appellant.**

Superior Court of Pennsylvania.

Argued March 29, 2000.
Filed Dec. 12, 2000.
Reargument Denied Feb. 23, 2001.

Gerald L. Cassady, Franklin, for appellant.

James Carbone, Asst. Dist. Atty., Franklin, for Com., appellee (submitted).

Before DEL SOLE, ORIE MELVIN and BECK, JJ.

DEL SOLE, J.:

¶ 1 Appellant was charged with multiple crimes subsequent to allegations that he had sexually abused a female victim who was living with Appellant and his wife as a foster child. Appellant was convicted at a jury trial of one count of rape, four counts of involuntary deviate sexual intercourse, three counts of aggravated indecent assault, one count of statutory sexual assault, one count of corruption of minors and three counts of indecent assault. The jury acquitted Appellant of one count of rape and one count of statutory rape. Appellant was sentenced to an aggregate term of imprisonment of six (6) to fifteen (15) years' imprisonment. This appeal followed.

¶ 2 Appellant presents six questions for our review: (1) whether the trial court erred in allowing the Commonwealth to present the testimony of psychologist Christopher Goff when it failed to provide the defense with Goff's expert report prior to trial; (2) whether the trial court erred in not sustaining his challenge to strike a juror for cause; (3) whether the trial court erred in denying Appellant's petition to introduce evidence of the victim's past sexual history and sexual assault by another adult male; (4) whether the trial court erred in failing to grant a mistrial on the basis of prosecutorial misconduct; (5) whether the trial court erred in allowing the testimony of two Commonwealth witnesses who provided hearsay testimony; and (6) whether the trial court erred in not

granting his numerous motions for judgment of acquittal.

¶ 3 We will address Issue 2 first, as our disposition on this issue makes discussion of Issues 1, 3, 4 and 5 unnecessary. In Issue 2, Appellant argues that the trial court erred in not sustaining his challenge to strike a juror for cause.[1] The juror, Maria Delgado McGee, revealed during *voir dire* that she was married to Pennsylvania State Trooper Douglas McGee. Trooper McGee was the immediate supervisor of Trooper Tanner, the arresting officer in this case, who also testified at trial. When the court asked the potential jurors whether they were personally acquainted with or related to Trooper Tanner, Mrs. McGee did not respond. N.T., Jury Selection, 3/9/98, at 11. However, the following exchange took place upon defense counsel's questioning the potential jurors about whether they or any member of their immediate family was engaged in any type of law enforcement:

> DEFENSE COUNSEL: ... Yes, ma'am, your name and number?
>
> A: Maria Delgado McGee, 101.
>
> DEFENSE COUNSEL: And who would that be, Mrs. McGee?
>
> A: My husband is a state trooper.
>
> DEFENSE COUNSEL: Is that the Seneca barracks?
>
> A: Yes.
>
> DEFENSE COUNSEL: Would this hinder your ability to decide this case fairly?
>
> A: No.
>
> DEFENSE COUNSEL: Thank you, Mrs. McGee.
>
> THE COURT: Mrs. McGee, just so we're clear, is that Jeff, your husband's name is Jeff?
>
> A: No, Douglas McGee.
>
> THE COURT: He's a sergeant?
>
> A: Yes.

> DEFENSE COUNSEL: I would challenge, that's kind of close.
>
> THE COURT: I don't know. The arresting officer in this case is Tanner. He would be Tanner's probably immediate supervisor, wouldn't he or would he? Tanner would be in the crime unit, I suppose?
>
> A: Yes, he is.
>
> THE COURT: Okay. At any rate, do you feel you can fairly decide this case, even though the trooper who is involved may in fact be one of your husband's subordinates?
>
> A: I believe I can do it.
>
> THE COURT: Okay.
>
> DEFENSE COUNSEL: I'd still renew my challenge, Your Honor, for the record.
>
> THE COURT: On what basis?
>
> DEFENSE COUNSEL: Well, I'm going to be cross-examining the subordinate of her husband.
>
> THE COURT: You can ask again, but she tells us that she can decide this case fairly—.
>
> DEFENSE COUNSEL: But I think—.
>
> THE COURT: You are free to inquire further if you want to.
>
> DEFENSE COUNSEL: There's nothing to inquire, she already answered your question, she thinks she can be fair. But again, my dilemma is that I'm going to be cross-examining her husband's subordinate, somebody her husband supervises, and that's a little too close, I think, for her to disregard everything that's going to happen in this courtroom.
>
> THE COURT: Okay. Mr. Gillespie do you have a position on this?
>
> COMMONWEALTH: I would oppose excusing her for cause based upon her answer.

---

1. We note that the trial judge was not the judge who presided over jury selection in this case. However, the trial court concurred in the decision to deny the challenge for cause.

THE COURT: Motion denied.

N.T., Jury Selection, 3/9/98, at 24–26.

■ ¶ 4 Appellant asserts the trial court erred in not sustaining defense counsel's challenge for cause on Mrs. McGee.

> The test for determining whether a prospective juror should be disqualified is whether he is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor.... It must be determined whether any biases or prejudices can be put aside on proper instruction of the court.... A challenge for cause should be granted when the prospective juror has such a close relationship, familial, financial, or situational, with the parties, counsel, victims, or witnesses that the court will presume a likelihood of prejudice or demonstrates a likelihood of prejudice by his or her conduct or answers to questions.... The decision on whether to disqualify is within the discretion of the trial court and will not be reversed in the absence of a palpable abuse of discretion....

*Commonwealth v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999) (citation omitted).

¶ 5 We first note that, in response to the court's questioning, Mrs. McGee did not unequivocally state she would be able to decide the issues fairly. Instead, when she was asked by the court if she could fairly decide the case, she responded "I believe I can do it." N.T., Jury Selection, 3/9/98, at 25. However, irrespective of a potential juror's answers to *voir dire* questions, certain relationships or situations compel striking a juror for cause. One of these situations occurred in this case, where a juror's husband was the supervisor of the investigating police officer who was anticipated to, and in fact did, testify for the Commonwealth at trial. Thus Mrs. McGee's equivocal response, coupled with the close situational relationship created between Mrs. McGee and the arresting officer, leads to the inescapable conclusion that she should have been removed for cause. The failure to do so constitutes an abuse of discretion by the trial court.

■ ¶ 6 Appellant argues he was unable to remove Mrs. McGee from the jury panel because he "simply ran out of peremptory challenges." Appellant's Brief at 21. While we are unable to ascertain from the record exactly at what point Appellant exhausted his peremptory challenges, it appears he did so. When a challenge for cause is improperly overruled after a party has exhausted his peremptory challenges, it necessitates the grant of a new trial for Appellant. *Commonwealth v. Romeri,* 504 Pa. 124, 470 A.2d 498, 504 (1983), *cert. denied,* 466 U.S. 942, 104 S.Ct. 1922, 80 L.Ed.2d 469 (1984). Accordingly, we remand for a new trial.

■ ¶ 7 Although we find that Appellant's above-described claim involving the juror entitles him to relief, we are nonetheless constrained to address his challenge to the sufficiency of the evidence as a retrial would be precluded in the event this issue has merit. *Commonwealth v. Palmer,* 751 A.2d 223, 227 (Pa.Super.2000); *Commonwealth v. Brachbill,* 520 Pa. 533, 555 A.2d 82, 84 (1989). Following a thorough review of the record, the briefs of the parties, the relevant law, and the well-crafted opinion of the trial court, we find that the trial court properly concluded there was sufficient evidence to convict Appellant of the crimes for which he was convicted. Consequently, finding no error on the part of the trial court, and determining that the trial court opinion adequately and accurately disposes of Appellant's claim, we adopt the trial court's opinion as our own and affirm the order on its basis.

¶ 8 Judgment of sentenced vacated. New trial granted. Jurisdiction relinquished.

¶ 9 Judge ORIE MELVIN files a dissenting opinion.

ORIE MELVIN, J., dissenting:

¶ 1 I write separately to express my disagreement with the Majority's resolution of the Appellant's second issue raised on appeal. Because I believe the trial court properly denied the Appellant's challenge to remove a juror for cause, I respectfully dissent.

¶ 2 The juror in question, Maria Delgado McGee, was married to Pennsylvania State Trooper Douglas McGee who was the immediate supervisor of Trooper Tanner, the arresting officer in this case. During the *voir dire* proceedings, the Court asked the jury panel whether they were personally acquainted with or related to Trooper Tanner. N.T., *Voir Dire* Hearing 3/9/98, at 11. It appears from Mrs. McGee's lack of response to this question that she was not personally acquainted with or related to him.

¶ 3 The Majority determined the trial court should have removed Ms. McGee for cause based upon her close situational relationship with Trooper Tanner and her "equivocal responses" to questions regarding her ability to decide the case fairly. Majority Opinion at 1126.

¶ 4 Contrary to the Majority, I find the relationship between Mrs. McGee and Trooper Tanner could only be characterized as an attenuated situational relationship. Mrs. McGee was not related to or personally acquainted with Trooper Tanner. Her connection to Trooper Tanner was merely as a result of her husband's employment. This attenuated situational relationship should not evoke a presumption of a likelihood of prejudice. Moreover, Mrs. McGee's answers during *voir dire* fail to indicate she was incapable of being an impartial juror. Rather, she stated unequivocally she believed she could fairly decide the case, and the trial court accepted her responses as credible.

¶ 5 I find the instant case is analogous to *Commonwealth v. Koehler*, 558 Pa. 334, 737 A.2d 225 (1999). In *Koehler*, a juror apprised the trial court she had an attenuated familial relationship with the Appellant's co-defendant. Upon questioning by the trial court, the juror responded the relationship would not affect her ability to be a fair and impartial juror. Despite defense counsel's request, the trial court refused to remove the juror for cause. On appeal, our Supreme Court found the trial court did not abuse its discretion in refusing to remove the juror. It reasoned the trial court was in the best position to assess the credibility of the juror and refuse to excuse the juror when it believed she would be fair and impartial. *Koehler*, 558 Pa. at 359–360, 737 A.2d at 238. (citations omitted).

¶ 6 Furthermore, this is not a case where Mrs. McGee's responses could be interpreted as being biased or favorable to Trooper Tanner. *Cf. Commonwealth v. Perry*, 441 Pa.Super. 409, 657 A.2d 989 (1995) (holding the trial court erred in denying Appellant's challenge for cause when prospective juror was best friends with the arresting officer, had no doubts as to his veracity and indicated that depending on the testimony at trial, his personal experiences would possibly affect his ability to evaluate the arresting officer's testimony); *Commonwealth v. Ingber*, 516 Pa. 2, 531 A.2d 1101 (1987) (holding trial court erred in denying Appellant's challenge for cause when prospective juror affirmatively responded she was related to a police officer and admitted she would give greater weight to the testimony of a police officer because of his position). Contrary to the responses elicited from the potential jurors in *Perry* and *Ingber*, Mrs. McGee's responses during *voir dire* demonstrate she could decide the case fairly. Moreover, although the trial court gave defense counsel the opportunity to make further inquiries regarding Mrs. McGee's qualifications to serve as a juror, defense counsel declined. Therefore, in the absence of any evidence showing Mrs. McGee was unable to act impartially, and deferring to the trial court's credibility assessment, I would find the trial court did not abuse its discre-

tion in denying the Appellant's challenge to remove Mrs. McGee for cause. Accordingly, I dissent.