J-S19027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONNA MARIE KRUPP :
:
Appellant : No. 1970 EDA 2019

Appeal from the PCRA Order Entered June 14, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000407-2015

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: **FILED MAY 20, 2020**

Donna Marie Krupp (Appellant) appeals from the order dismissing her petition for collateral relief filed pursuant to the Post Conviction Relief Act[1] (PCRA). On appeal, she contends the PCRA court erred by (1) denying relief on her claim that trial counsel provided ineffective assistance when he failed to seek dismissal of a possibly biased juror, and (2) failing to conduct an evidentiary hearing. We affirm.

The relevant facts and procedural history of this matter were set forth in a prior memorandum of this Court, affirming Appellant's judgment of sentence on direct appeal:

> [Appellant] intentionally set fire to the home of her next door neighbors, the Morris family, in the early morning hours of December 4, 2014, by using a lighter with an extended wand and newspaper to ignite Christmas decorations on the front porch of

_____

[1] 42 Pa.C.S.§§ 9541-9546.

the home. The fire destroyed the home, which was located at 71 Commons Drive in Pottstown, Montgomery County.

The Morris family — Limerick Township Police Detective Ernie Morris, his wife and their two minor daughters — were on vacation in Florida at the time of the fire. The family's cat perished in the blaze.

[Appellant] set the fire after learning on December 2, 2014, that her son would not be released from jail that day. Her son had been incarcerated since June 2014, following his apprehension on an active arrest warrant for fleeing from police and consequent detention for allegedly violating his existing probation. [Appellant] blamed Detective Morris, and law enforcement in general, for her son's ongoing contacts with the criminal justice system. She had a well-known disdain for law enforcement officials and believed a tip from Detective Morris was the reason her son had been located and arrested on the active warrant.

Prior to the fire, and because of an on-going pattern of harassing behavior by [Appellant] toward the Morris family due to Detective Morris' status as a police officer, the family had a video surveillance system installed around the perimeter of their home. The system became operational shortly before the Morris family left in late November 2014 for a two-week trip to Disney World.

Surveillance video from the time of the fire captured a person matching [Appellant's] physical characteristics approaching the Morris home from the direction of [Appellant's] house. The person set the fire and left the scene, going back in the direction of [Appellant's] house.

Later on the same day as the fire, law enforcement personnel who had watched the surveillance footage came to believe the person seen in the video matched [Appellant], whom they had observed outside her house at various times during the course of the fire investigation. [Appellant] agreed to speak with police and, after being driven to the station by her husband, gave a statement in which she denied any ill-feelings toward the Morrises and any responsibility for the fire.

A search of [Appellant's] house, conducted pursuant to a warrant, revealed, *inter alia*, two extended wand lighters and

clothing, including a grey XXL hooded sweatshirt, that appeared to match items worn by the person seen in the surveillance video. Analysis of particles found on the sweatshirt tested positive for the presence of amorphous carbon, also known as soot or ash, which generally is consistent with a material that has been subjected to high heat.

[Appellant] was arrested on December 5, 2014, and later charged in an Information with four counts of arson-related offenses,[3] one count of causing a catastrophe,[4] one count of reckless burning or exploding, [5] three counts of criminal mischief,[6] one count of failure to control or report a dangerous fire,[7] one count of possession of an instrument of crime,[8] two counts of recklessly endangering another person[9] and one count of cruelty to animals.[10]

After a trial, at which [Appellant] testified, the jury found her guilty of all charges.[11] . . .

_____

[3] 18 Pa.C.S. § [3301(a)(1)(i)-(ii), (c)(2), (d)(2)].

[4] 18 Pa.C.S. § 3302(a).

[5] 18 Pa.C.S. § 3301(d)(1).

[6] 18 Pa.C.S. § [3304(a)(1), (2), (5)].

[7] 18 Pa.C.S. § 3301(e)(2).

[8] 18 Pa.C.S. § 907(a).

[9] 18 Pa.C.S. § 2705.

[10] 18 Pa.C.S. § 5511(a)(2.1)(i)(a).

[11] The Commonwealth withdrew at trial one of the charges of recklessly endangering another person.

*Commonwealth v. Krupp*, 2892 EDA 2016 (unpub. memo. at 1-4) (Pa. Super. 2017) (record citations and some footnotes omitted). On April 14, 2016, the trial court sentenced Appellant to an aggregate term of 10 to 20

years' imprisonment, followed by 2 years' probation. On August 4, 2017, this Court affirmed the judgment of sentence on direct appeal. *Id.*

On June 4, 2018, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel, who after requesting an extension of time, filed an amended petition on January 3, 2019. On May 23, 2019, the PCRA court issued notice of its intent to dismiss the petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the court's Rule 907 notice, and, on June 14, 2019, the PCRA court entered an order dismissing her petition.

Appellant timely filed a notice of appeal. On July 16, 2019, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, and filed a concise statement on July 25, 2019.[2]

---

[2] In its opinion, the PCRA court explains that although a concise statement was docketed, and the certificate of service indicates the statement was mailed to the court, the court "has no record of receiving the concise statement and, indeed, only learned of the filing during a routine check of the docket." PCRA Ct. Op., 9/5/19, at 4-5. The court emphasizes that Rule 1925(b)(1) requires an appellant to **both file** the statement **and serve** it on the trial judge in order to preserve issues on appeal. *See* Pa.R.A.P. 1925(b)(1). Because the statement was never served in this case, the court suggests this appeal should be dismissed. PCRA Ct. Op. at 5.

However, Rule 1925(c)(3) provides:

If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an

- 4 -

Appellant presents two issues for our review:

A. Did the PCRA court err by dismissing Appellant's PCRA claim alleging that trial counsel was ineffective for failing to further explore whether a juror who knew a key witness in the case could be fair and impartial and for failing to move to strike the juror because the record shows that the juror never definitively stated that he could be fair and impartial?

B. Did the PCRA court err by dismissing Appellant's PCRA petition without an evidentiary hearing because there were factual issues present herein that required resolution before the matter could be dismissed?

Appellant' Brief at 3.

Our standard of review for dismissal of a PCRA order is well-established:

We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations

omitted). "The scope of review is limited to the findings of the PCRA court

and the evidence of record, viewed in the light most favorable to the prevailing

_____

opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). Here, we find counsel's failure to timely **serve** the statement on the PCRA court constitutes ineffectiveness *per se*, and, pursuant to subsection (c)(3), Appellant would be entitled to a remand for the opportunity to file a concise statement *nunc pro tunc*. Nevertheless, where, as here, a PCRA court addresses the merits of the claims raised in an untimely or improperly served statement, "we need not remand and may address the merits of the issues presented." ***See Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super 2018) (citation omitted).

party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted). A PCRA court's decision to deny a request for an evidentiary hearing "is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

> Further,
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Franklin***, 990 A.2d at 797 (citations omitted). A "defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that 'it could have reasonably had an adverse effect on the outcome of the proceedings.'" ***Spotz***, 84 A.3d at 315 (citation omitted).

Appellant first avers the trial court erred in dismissing her PCRA petition where trial counsel was ineffective "by not further investigating . . . and then not moving for the removal of" a seated juror who knew one of the Commonwealth's witness "personally." Appellant's Brief at 11. During trial, Juror #11, a volunteer fireman, informed the court's tipstaff that he "knew [one of the testifying detectives] in a professional capacity from seeing the detective at fire scenes and from engaging in fundraising activities with him and from the detective's prior position as a police officer." N.T. Jury Trial, 11/17/15, at 64-65. Appellant contends this ". . . was a circumstance involving a [juror's] genuine, personal relationship, with the witness given the joint fund raising activities and the fact [Juror #11] knew so much about the witness." Appellant's Brief at 19. Appellant maintains Juror #11's equivocal testimony that he could be impartial did not cure the presumption of prejudice.[3] *Id.* at 21. Instead, Appellant contends the witness's bias, and inability to be fair and impartial, prejudiced her and violated her constitutional right to an impartial jury under Article 1 § 9 of the Pennsylvania Constitution and the Sixth Amendment to the U.S. Constitution. *Id.* at 16.

Our Supreme Court has set forth the standard for review of a biased juror claim:

---

[3] Appellant claims Juror #11's testimony is equivocal because, when questioned whether he could be fair and impartial, he responded "I think — yes, I think I can." Appellant's Brief at 21.

The test for determining whether a prospective juror should be disqualified is whether he is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor. . . . It must be determined whether any biases or prejudices can be put aside on proper instruction of the court. . . .

*Commonwealth v. Briggs*, 12 A.3d 291, 333 (Pa. 2011). The same analysis is employed in cases where a question arises about a juror's impartiality during trial. *Commonwealth v. Rush*, 162 A.3d 530, 538 (Pa. Super. 2017). "The decision to discharge a juror is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Id.* at 537.

Here, the PCRA court addressed Appellant's ineffectiveness claim as follows:

During trial, Juror #11 informed a member of the courtroom staff immediately before the testimony of a Commonwealth witness, Montgomery County Detective Mark Azeff, that he knew the witness. During an *in camera* colloquy of Juror #11 conducted prior to the witness testifying, the juror stated he knew the witness from volunteer fire service, fundraising activities and when the witness was a Whitpain Township police officer. When first asked by this court whether his knowledge of the witness would affect his ability to be fair and impartial, the juror responded "I don't think so." When questioned further by this court and trial counsel about whether he could be fair and impartial, the juror responded "I think I could" and "I think — yes, I think I can." The juror also stated that he could remain open-minded and responded "absolutely" when asked if he would follow this court's instructions with regard to the law in the case. The juror further stated that he and the witness had never discussed the incident. The issue, therefore, is meritless because the record shows the juror could remain fair and impartial and would follow this court's instructions. In addition, with regard to the issue of prejudice, this court would not have stricken the juror under the circumstances described above, even had trial counsel made such

- 8 -

a request.  As such, [Appellant] is not entitled to post-conviction relief.

PCRA Ct. Op. at 7-8 (citations and footnote omitted).

Our review of the record reveals no basis to disturb the PCRA court's ruling.  First, we agree with the PCRA court that Appellant's claim regarding counsel's ineffectiveness for failing to "explore the juror issue further" is waived because it was not included in her amended PCRA petition.  **See** Pa.R.Crim.P. 902(B) (stating failure to include a claim in the petition precludes it from being raised in a post-conviction proceeding); PCRA Ct. Op. at 7. Rather, Appellant alleged only trial counsel was ineffective for not objecting to the juror remaining on the jury and not requesting the juror be removed and replaced with an alternate.  Appellant's Amended PCRA Petition, 1/3/19, at ¶¶ 8, 10.  Thus, this portion of Appellant's argument is waived.

With regard to whether counsel should have moved to strike the juror, Appellant relies on **Commonwealth v. Perry** 657 A.2d 989 (Pa. Super. 1995), to support her averment that a close relationship between a testifying witness and a juror is presumptively prejudicial.  Appellant's Brief at 20.  We note that unlike in **Perry**, Juror #11's prior relationship with the testifying witness was not presumptively prejudicial.  In **Perry**, the challenged juror testified he and the witness were best friends, who had known each other for over 20 years, and socialized together at least once a week.  **Perry**, 657 A.2d at 991.  Despite his statement that he could be impartial, the juror also testified that the witness was an "honorable man," he had no doubts about

- 9 -

the witness's veracity, and his personal experiences "would possibly" affect his ability to evaluate the witness's testimony. *Id.* Thus, this Court concluded the trial court erred in refusing to strike the juror from the panel. *Id.* Here, however, Juror #11 and the testifying witness were acquainted with one another on select occasions, in a professional setting, and in different professional capacities. Moreover, under questioning by the trial court, Juror #11 responded unequivocally that he could sit as an impartial juror.[4] N.T. at 66. Accordingly, Appellant failed to prove her underlying claim has arguable merit. *See Briggs*, 12 A.3d at 333; *Franklin*, 990 A.2d at 797.

Furthermore, Appellant cannot demonstrate she was prejudiced by counsel's failure to seek removal of the juror. The trial court specifically stated that if counsel had moved for dismissal of Juror #11, the court would have denied the request. Trial Ct. Op. at 8. As a result, Appellant is not entitled to relief. *See Rush*, 162 A.3d at 537; *Franklin*, 990 A.2d at 797.

In her second issue, Appellant maintains the PCRA court erred by dismissing her petition without first conducting an evidentiary hearing when there were outstanding factual issues concerning whether counsel had a reasonable basis for neglecting to question the juror further. Appellant's Brief at 24-25. Appellant argues "[h]ad a hearing been granted, [she] would have

---

[4] More so, when the trial court asked trial counsel if he thought the juror questioning was satisfactory, trial counsel responded, "Yep." N.T. at 66.

been able to demonstrate that counsel did not attempt to establish that the juror and the Commonwealth witness had more than a passing relationship and that the juror could not really be fair." *Id.* at 26. However, Appellant provides no support for her assertion that Juror #11 and the testifying witness had more than a passing relationship. Appellant's claim is speculative and functions as fishing expedition. *See Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (stressing that an evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness") (citation omitted).

The PCRA court addressed the evidentiary hearing issue in terms of Appellant's argument that trial counsel was ineffective for failing to question and dismiss a possibly biased juror. PCRA Ct. Op. at 7-8. The court determined that no genuine issues of material fact existed and Appellant failed to prove prejudice. *Id.* We agree; thus, no relief is due. *See Mason*, 130 A.3d at 617.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/20/2020*

- 11 -